UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELINDA DE LA TORRE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF RENTON, a municipal corporation in the State of Washington; Detective ROBERT ONISHI and Officer JASON SOLEMA, members of the Renton Police Department; CITY OF KENT, a municipal corporation in the State of Washington; Sergeant BOBBY HOLLIS, Officers CORY EATON and DANNY ROSS, members of the Kent Police Department; CITY OF AUBURN, a municipal corporation in the State of Washington; Sergeant SAM BETZ and Officers RODNEY MEDEIROS, SHAWN FEERO, and MICHAEL MCNABB, members of the Auburn Police Department; CITY OF FEDERAL WAY, a municipal corporation in the State of Washington; Detective JEFF OTTO of the Federal Way Police Department; and PORT OF SEATTLE, a municipal corporation in the State of Washington; Sergeant JEFF SELLEG, Officers JERRED JONES and BRIAN TORRE of the Port of Seattle Police Department<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Civil Rights, Trespass, Negligence, Property Damage, Jury Trial Demanded) |

COMPLAINT FOR DAMAGES - 1

## INTRODUCTION

1. This is an action for damages sustained by a citizen of Renton, Washington, against the City of Renton and against the above-named police officers individually who constitute a Valley Special Weapons and Tactics (SWAT) team, and against Renton Police detective Robert Onishi who, through their intentional conduct and reckless and conscious disregard for the Fourth Amendment, have caused plaintiff to suffer deprivation of her civil and constitutional rights and property damage, as well as severe mental and emotional distress.

## JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4) for plaintiff's federal constitutional claims, which derive from the provisions of 42 U.S.C §§ 1983 and 1988 and the Constitution of the United States, specifically the Fourth and Fourteenth Amendments thereto.

3. This Court has supplemental jurisdiction over the State claims pursuant to 28 U.S.C. § 1367 by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## VENUE

4. All of the unlawful acts and practices alleged herein occurred in King County. Thus, the Western District of Washington Seattle Courthouse is the appropriate forum for this matter.

## PARTIES

5. Plaintiff Melinda De La Torre is an adult female citizen of the United States and a resident of the State of Washington.

6. Defendant City of Renton, Washington, is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

7. Defendant Robert Onishi, Badge No. 5738, is a detective with the Renton Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Renton, Washington.

8. Defendant Officer Jason Solema, Badge No. 10258, is an officer with the Renton Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Renton, Washington.

9. Defendant City of Kent, Washington, is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

10. Defendant Sergeant Bobby Hollis, Badge No. 135173, is an officer with the Kent Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Kent, Washington.

11. Defendant Sergeant Cory Eaton, Badge No. 139519, is an officer with the Kent Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Kent, Washington.

12. Defendant Officer Danny Ross, Badge No. 257042, is an officer with the Kent Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in

1  doing the things complained of herein, was acting under color of law and within the course and
2  scope of his employment by defendant City of Kent, Washington.

3  13.  Defendant City of Auburn, Washington, is now, and at all times mentioned herein
4  was, a governmental entity and a political subdivision of the State of Washington, duly organized
5  and existing under the laws of the State of Washington.

6  14.  Defendant Sergeant Sam Betz, Badge No. 3292, is an officer with the Auburn
7  Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in
8  doing the things complained of herein, was acting under color of law and within the course and
9  scope of his employment by defendant City of Auburn, Washington.

10  15.  Defendant Officer Rodney Medeiros was an officer with the Auburn Police
11  Department, and was a member of the Special Weapons and Tactics (SWAT) team, and, in doing
12  the things complained of herein, was acting under color of law and within the course and scope of
13  his employment by defendant City of Auburn, Washington.

14  16.  Defendant Officer Shawn Feero, Badge No. 4723, is an officer with the Auburn
15  Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in
16  doing the things complained of herein, was acting under color of law and within the course and
17  scope of his employment by defendant City of Auburn, Washington.

18  17.  Defendant Officer Michael McNabb, Badge No. 7902, is an officer with the Auburn
19  Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in
20  doing the things complained of herein, was acting under color of law and within the course and
21  scope of his employment by defendant City of Auburn, Washington.

22
23

18. Defendant City of Federal Way, Washington, is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

19. Defendant Detective Jeff Otto, Badge No. 0088, is an officer with the Federal Way Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Federal Way, Washington.

20. Defendant Port of Seattle, Washington is now, and at all times mentioned herein mentioned was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

21. Defendant Sergeant Jeff Selleg, Badge No. 248, is an officer with the Port of Seattle Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant Port of Seattle, Washington.

22. Defendant Officer Jerred Jones, Badge No. 287, is an officer with the Port of Seattle Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant Port of Seattle, Washington.

23. Defendant Officer Brian Torre, Badge No. 232, is an officer with the Port of Seattle Police Department, and formerly with the Special Weapons and Tactics (SWAT) team, and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant Port of Seattle, Washington.

24. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEEDINGS

25. Within the statutory time period, plaintiff filed a claim against the Cities of Renton, Kent, Auburn and Federal Way and the Port of Seattle arising out of the events alleged herein, pursuant to RCW § 496.020. By the end of September of 2014, all defendants denied their respective claims.

## STATEMENT OF FACTS

26. Plaintiff Melinda De La Torre is, and at all relevant times was, an adult individual residing at 17581 110th Lane SE in the City of Renton, King County in the State of Washington. Plaintiff is, and has since July 23, 1999, been an owner of said property.

27. At about 4:25 p.m. on April 25, 2012, the Renton Police Department received a 911-call from an unidentified female victim, reporting what she described as a recent armed robbery. The caller reported that she had been robbed at gunpoint after one of two assailants had struck her on the head with a gun. The victim told police that she believed the assailant went into the property at 17581 110th Lane SE, Renton WA 98055, but said she did not actually see him enter.

28. One of the suspects was later identified by the Renton police as plaintiff's son, Isaiah Swain. The second suspect has yet to be identified.

29. At 5:05 p.m. that evening, Sergeant Figaro of the Renton Police Department assigned defendant detective Robert Onishi to apply for a search warrant for the suspect residence at 17581 110th Lane SE in Renton. At 5:10 p.m. that evening, Onishi spoke on the phone with Sergeant Keyes, who was at the scene speaking with the victim.

Premier Law Group pllc
1408 140th Pl. NE
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

30. At 6:00 p.m. that evening, based on the information Keyes provided, Onishi filed an affidavit for a search warrant of plaintiff's residence. Onishi spoke on the phone with District Court Judge Delaurenti. Judge Delaurenti swore in Onishi over the phone, and Onishi signed as true an affidavit in application for a search warrant for the suspect residence.

31. Although Onishi had no reliable facts, he listed what he believed constituted probable cause to search the residence, based on the information Sergeant Keyes provided. The affidavit for the search warrant was written by Onishi as though the suspect had never left plaintiff's property.

32. At 6:13 .p.m. that evening, Judge Delaurenti issued the search warrant based on Onishi's affidavit.

33. The search warrant stated that "any peace officer in the state of Washington" was commanded to conduct the search of the property of 17581 110th Lane SE in Renton, Washington, the plaintiff's residence, within two (2) days from April 25, 2012.

34. Onishi gave a copy of the search warrant to Commander Karlewicz, who was at the scene, then stood by him as the Special Weapons and Tactics (SWAT) team prepared to force entry into the plaintiff's residence.

35. At about 6:30 p.m. that evening, while plaintiff was away from home, members of the Renton Police Department and members of the SWAT team surrounded plaintiff's property, attempting to serve a search warrant.

36. The SWAT team requested the roadway to be shut down to vehicular and pedestrian traffic on SE Petrovitsky Rd., between 108th Ave SE, 116th Ave SE. and all points in between until they executed the search warrant. They also evacuated the neighbors out of their residence, forcing them to sit in the rain for five (5) hours while plaintiff's residence was under siege.

COMPLAINT FOR DAMAGES - 7

Premier Law Group pllc
1408 140th Pl. NE
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

37. Without first confirming whether the suspect was actually on the premises, or without even getting a visual on the suspect, the police officers and SWAT team began shooting pepper-gas-filled grenades and rockets at plaintiff's property. Every window was smashed out, glass was shattered everywhere, and exterior walls were riddled with holes from missed shots. Interior walls and ceilings of plaintiff's property were marred with stains from the oozing red chemical contents. The 40-mm teargas canisters littered the lawns surrounding plaintiff's property.

38. After four hours of firing teargas canisters and grenades at plaintiff's property, members of the Renton Police Department and members of the SWAT team then used explosives to destroy plaintiff's front door. Once they stormed inside the property, the police found it was empty; no one was located inside. The hours-long raid was performed against an empty property.

39. The defendants in disregard of plaintiff's privacy and property, proceeded to search through and destroy her condominium. Most of plaintiff's personal belongings which were in the path of the police team were damaged.

40. The members of the Renton Police Department and members of the SWAT team destroyed plaintiff's property while acting on a false claim, looking for a suspect who was not even in the house. The home was clearly unoccupied, and no exigency existed to justify the search. The alleged suspect, plaintiff's son Isaiah Swain, was never charged with any crime related to the incident.

41. Due to the careless manner with which the police team conducted the search, plaintiff's property was left in a position that required immediate, emergency repairs, during which time plaintiff was homeless for months as her home was unlivable.

42. The requisite repairs compelled plaintiff to spend more over $100,000. Plaintiff witnessed a significant portion of the raid and was traumatized by it. Even after two years, the old

damage continues to seep through her condominium walls, and plaintiff remains emotionally distraught after undergoing traumatic experience.

## FIRST CLAIM FOR RELIEF

### (Judicial Deception- 42 USC § 1983 - Violation of Fourth Amendment)

43. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 42 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

44. In the Affidavit for Search Warrant, defendant Robert Onishi deliberately or recklessly made false statements or omissions that were material to the finding of probable cause for the search of plaintiff's home to find the perpetrator of the armed robbery that occurred earlier on April 25, 2012.

45. Defendant Onishi failed to inform the judge issuing the search warrant that the suspect, Isaiah Swain, had left plaintiff's condominium and that the victim did not see him return to the property. The affidavit for the search warrant was written as if the suspect never left the plaintiff's property.

46. By deceptively obtaining a search warrant allowing for the unlawful and unreasonable search as described above, defendant Onishi deprived plaintiff of her Fourth Amendment right to be secure in her home and free from unreasonable searches and seizures.

47. By his actions as described herein, defendant Onishi, acting under color of statute, ordinance, regulation, custom, or usage, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's liberty interest in freedom from unreasonable searches and seizures.

Premier Law Group pllc
1408 140th Pl. NE
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

48.     As a direct and proximate result of the actions and omissions described in this complaint, plaintiff suffered loss of her freedom and of security in her home. Particularly, the emotional damage and trauma plaintiff experienced is ongoing, causing considerable disturbance in her life. In addition, plaintiff incurred special damages for home repairs, alternative housing costs and other expenses, all to her damage in an amount to be ascertained according to proof at trial.

49.     Defendant Onishi subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of her rights for which an award of punitive damages is warranted.

## SECOND CLAIM FOR RELIEF

**(Unlawful Search and Seizure, No Probable Cause
42 U.S.C. § 1983, Violation of Fourth Amendment)**

50.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

51.     By deceptively obtaining a warrant allowing for the unreasonable search and seizure as described above, defendant Onishi subjected plaintiff to unlawful search and seizure. There was no probable cause for the search of plaintiff's property for a person.

52.     The search warrant did not contain the basis for the officers' alleged probable cause belief. Detective Onishi's affidavit submitted in support of the warrant was severely deficient and lacked probable cause for the officers to search plaintiff's home for a person. No reasonable police officer would believe that the facts presented in the affidavit provided probable cause to search plaintiff's home for a person.

53. By these actions as described herein, defendants, acting under color of statute, ordinance, regulation, custom, or usage, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's liberty interest in freedom from unreasonable search and seizure.

54. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred special damages for home repairs and other expenses all to her damage in an amount to be ascertained according to proof at trial.

55. The actions of the individual defendants, as described in this complaint, were deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff and her property. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

### THIRD CLAIM FOR RELIEF

**(Unreasonable Execution of Search Warrants
42 U.S.C. § 1983: Violation of Fourth and Fourteenth Amendment)**

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

57. Defendant officers caused excessive and unnecessary damage to plaintiff's home and personal property throughout the course of their search, destroying furniture, windows, and doors, damaging walls and other elements of the home, and plaintiff's personal belongings.

58. Particularly, their deploying pepper-gas-filled grenades and rockets at plaintiff's property and smashing every window was unreasonable and clearly excessive. The exterior of

plaintiff's home was riddled with holes from missed shots, and the interior walls and ceilings were marred with stains from the oozing red chemical contents. The 40-mm teargas canisters littered the lawns surrounding plaintiff's property. Moreover, defendants used explosives to destroy plaintiff's front door.

59. By reason of the officers' actions in unreasonably and unnecessarily destroying plaintiff's home and personal belongings during the course of the search and with blatant disregard for the security and safety of plaintiff and her home, defendants violated plaintiff's right to be free from unreasonable search and seizure and her property interest in her home and personal belongings in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

60. As a direct and proximate result of the actions described in this complaint, plaintiff sustained actual damages. The emotional damages and trauma plaintiff experienced are ongoing, causing significant disturbance in her life. Even after two years, the old damage still seeps through walls; and plaintiff remains emotionally distraught from having lived through this traumatic experience.

61. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

### FOURTH CLAIM FOR RELIEF

**(Monell Claim)**

62. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 61 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

63. It is believed and therefore averred that the City of Renton has a custom, policy and practice of executing all search warrants with the use of a SWAT team comprised of officers from multiple jurisdictions who are armed with heavy artillery, including grenades and other explosives. Defendant City of Renton, by and through members of the Renton Police Department and Valley SWAT, customarily execute search warrants in an unreasonable manner, which includes destroying personal property, ruining personal belongings, and disrupting the homes and business citizens in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

64. It is believed and therefore averred that the City of Renton has a pattern and practice of conducting searches that unreasonably and unnecessarily destroy real and personal property. The officers are allowed to use all of the tools available to SWAT without regard to need or the rights of property owners. The result is the continuous unreasonable and unnecessary destruction of property during searches without any compensation to the property owners. This conduct is routinely ratified and affirmed by the City of Renton resulting in a policy or governmental custom and practice which cause economic and emotional harm to plaintiff.

## STATE CLAIMS

### FIFTH CLAIM FOR RELIEF

(Trespass)

65. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 64 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

66. The actions of defendants in entering plaintiff's residence, remaining on her property for over four hours without her permission, unlawfully invading and causing substantial damage to plaintiff's property constitute trespass, in violation of Washington law.

67. As a proximate result of such conduct, plaintiff was deprived of her property and suffered substantial property damages and emotional distress according to proof at trial.

### SIXTH CLAIM FOR RELIEF

#### (Negligence)

68. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 67 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for relief.

69. The individual defendants, in committing all the aforementioned wrongs, breached their duty to plaintiff to exercise reasonable care in the performance of their official duties, and thereby proximately and foreseeably caused plaintiff's civil rights violations, and property and special damages.

70. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred the damages alleged herein.

### SEVENTH CLAIM FOR RELIEF

#### (Unjust Damage to Property without Compensation)

71. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 70 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.

72. The actions of defendants in entering plaintiff's residence and unlawfully destroying her property and refusing to compensate her for the damage they caused constitute a violation of Washington law.

73. As a proximate result of such conduct, plaintiff was deprived of her property and suffered damages according to proof at trial.

### EIGHTH CLAIM FOR RELIEF

(Municipal Entities – *Respondeat Superior*)

74. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 73 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

75. In doing the things herein alleged, defendant officers were acting within the course and scope of their employment with each of the municipalities that employed them and pursuant to practice, each municipality is therefore liable for the conduct of the defendant officers.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief against defendants:

A. For general and special compensatory damages for plaintiff and against defendants according to proof at trial;

B. For punitive damages against all individually named defendants;

C. For reasonable attorney's fees and costs pursuant to the law;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

DATED this 20th day of November, 2014.

PREMIER LAW GROUP, PLLC

*/s/ Darryl Parker/*

**Darryl Parker**, WSBA #30770
**Claire Lee**, WSBA #47390
Attorneys for Plaintiff
1408 140th Pl. NE
Bellevue, WA 98007